UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE, | ) Docket no. 2:11-cr-00136-GZS |
|    a/k/a Tony | ) |
|    a/k/a Rashide Campbell | ) |
|    a/k/a Theotis Leonard | ) |
| | ) |
|    Defendant. | ) |

**ORDER ON GOVERNMENT'S MOTION IN LIMINE**

A jury trial is set to commence on November 30, 2011. Before the Court is the Government's Motion in Limine to Introduce Evidence (Docket # 43). The Government's Motion seeks to introduce evidence related to the following: (1) Defendant's prior drug deals with the undercover agent; (2) Defendant's flight; and (3) Defendant's attempts to hide his identity. The Motion is GRANTED IN PART and DENIED IN PART.

**I. Prior Drug Transactions**

The Government seeks to introduce testimony from the undercover agent that he purchased crack cocaine from Defendant on seven occasions – in March and April of 2011 – prior to the August 22, 2011 transaction for which Defendant is charged. While Federal Rule of Evidence 404(b) excludes evidence of prior bad acts to show propensity to commit a crime, testimony regarding prior drug transactions is admissible where "necessary to complete the story of the charged crime." United States v. Taylor, 284 F.3d 95, 101 (1st Cir. 2002) (holding that reference to prior drug transaction was admissible because "[i]t was introduced not for the purpose of showing propensity to commit a crime, but rather as part and parcel of an on-going

conversation taking place during the crime itself") (citing United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (holding that Rule 404(b) is not applicable to evidence of crimes that are necessary to complete the story of the charged crime)). Indeed, where testimony regarding prior drug transactions concerns acts intrinsic to the crime charged, such testimony is not excluded by Rule 404(b). See, e.g., United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996) ("The majority of circuits have held that Rule 404(b) applies only to limits on the admission of other acts extrinsic to the one charged. Under that rule, acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence.") (internal citations omitted).

Here, the Government seeks to introduce testimony of prior drug transactions not to show Defendant's propensity to commit a crime, but because the testimony is "inextricably intertwined" with the charged conduct, explains the relationship between the agent and the Defendant, supports the agent's identification of the Defendant, and will assist the jury in understanding the recorded conversations that occurred in relation to the charged conduct. Motion at 3. Because the testimony regarding prior drug transactions completes the story of the charged crime and concerns acts intrinsic to the alleged crime, it falls outside the purview of Rule 404(b). See Taylor, 284 F.3d at 101; see also Kennedy, 32 F.3d at 885; Chin, 83 F.3d at 87-88.

Alternatively, the undercover agent's testimony concerning prior drug transactions with Defendant is admissible under Rule 404(b) because it is being introduced not for the purpose of showing Defendant's propensity to commit a crime but for the purpose of showing identity, motive, knowledge, plan, and intent. See Fed. R. Evid. 404(b); United States v. Houle, 237 F.3d 71, 77-78 (1st Cir. 2001); United States v. Currier, 821 F.2d 52, 55 (1st Cir. 1987). The Government seeks to introduce testimony regarding prior drug transactions between the

undercover agent and Defendant to show Defendant's knowledge, motive, and intent to distribute in the commission of the charged drug transaction.

Finally, to be admissible the probative value of the testimony concerning prior drug transactions must substantially outweigh the danger of unfair prejudice, confusion of the issues, or misleading the jury. Houle, 237 F.3d at 77-78 (citing Fed. R. Evid. 403). In the instant case, testimony concerning prior drug transactions is highly probative to key issues in the case, namely, the Defendant's identity, motive, intent, and knowledge in allegedly committing the charged drug distribution offense. At this stage, the Court foresees no danger of unfair prejudice resulting from the admission of the undercover agent's testimony regarding the prior drug transactions. Accordingly, because this testimony is admissible under Federal Rules of Evidence 403 and 404(b), the Government's motion concerning testimony of the prior drug transactions is GRANTED WITHOUT PREJUDICE. Defendant is free to object to the introduction of prior transaction testimony at trial. Moreover, if Defendant wishes a cautionary instruction regarding this evidence, counsel shall submit a proposed instruction in writing prior to the start of trial.

**II. Flight**

The First Circuit has cautioned that "[f]light evidence is controversial and must be handled with care." United States v. Benedetti, 433 F.3d 111, 116 (1st Cir. 2005) (internal citations omitted). "As a precursor to admissibility, the government must present sufficient extrinsic evidence of guilt to support an inference that a defendant's flight was not merely an episode of normal travel but, rather, the product of a guilty conscience related to the crime alleged." Id. (citing United States v. Otero-Méndez, 273 F. 3d 46, 53 (1st Cir. 2001)). "Because flight may be consistent with innocence as easily as with guilt, this precursor helps ensure that a jury does not infer guilt based solely on a defendant's meanderings." Id. Moreover, courts

should exclude flight evidence under Federal Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice. See id.

Here, the Government has failed to present sufficient evidence to support an inference that Defendant's flight was the product of a guilty conscience related to the crime alleged. Defendant's alleged flight could have been related to any number of issues unrelated to the charged crime. Defendant's flight could have been related to an investigation of another crime or to Defendant's immigration status. Moreover, the probative value of Defendant's flight is outweighed by the highly prejudicial nature of Defendant's flight, which allegedly included a high speed chase, flight through the woods, and hideout under a bridge. See Fed. R. Evid. 403. Under these circumstances, a jury might be tempted to convict the Defendant simply because of his elaborate flight. See Benedetti, 433 F.3d at 114. Accordingly, the Court DENIES WITHOUT PREJUDICE the Government's Motion to include evidence of Defendant's flight and hereby EXCLUDES this flight evidence. The Government shall instruct its witnesses to avoid reference to Defendant's alleged flight during their trial testimony. To the extent the Court has excluded any evidence, the Government is free to make a proffer at trial at the appropriate time outside the hearing of the jury.

### III. Attempts to Hide Identity on August 22, 2011

"Evidence of a defendant's … attempts to conceal or falsify identity may be presented at trial as probative of a guilty mind if there is an adequate factual predicate creating an inference of guilt of the crime charged." United States v. Otero-Mendez, 273 F.3d 46, 53 (1st Cir. 2001) (internal citation omitted); see also U.S. v. Mangual-Santiago, 562 F.3d 411, 427 (1st Cir. 2009) (internal citation omitted). In the instant case, however, the Government has failed to present an adequate factual predicate. Defendant could have attempted to conceal his identity for a variety

of plausible reasons not related to the crime charged. For example, Defendant could have attempted to conceal his identity because he is in the United States illegally, or he may have concealed his identity in response to an investigation of an unrelated crime. Moreover, under Rule 403, the probative value of Defendant's attempts to conceal his identity is outweighed by the danger of unfair prejudice. A jury deciding the charged crime might be unfairly swayed by Defendant's attempts to conceal his identity. Accordingly, the Court DENIES WITHOUT PREJUDICE the Government's Motion to include evidence of Defendant's attempts to conceal his identity and hereby EXCLUDES the proposed evidence of attempts to conceal his identity. The Government shall instruct its witnesses to avoid references to the identification Defendant provided in connection with the August 22, 2011 stop. To the extent the Court has excluded any evidence, the Government is free to make a proffer at trial at the appropriate time outside the hearing of the jury.

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 29th day of November, 2011.