UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| a/k/a Theotis Leonard, | ) | |
| a/k/a Rashide Campbell, | ) | |
| a/k/a Tony, | ) | |
| | ) | 2:11-cr-00136-GZS-1 |
| Petitioner, | ) | 2:15-cv-00407-GZS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner John Doe, a/k/a Theotis Leonard, a/k/a Rashide Campbell, a/k/a Tony, has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 139; Supp. Motion, ECF No. 159.)[1]  In Petitioner's first three grounds for relief, he alleges that counsel provided ineffective assistance by failing to argue against three sentence enhancements: (1) a three-level increase in the offense level, pursuant to U.S.S.G. § 3B1.1(b), for Petitioner's management or supervisor role; (2) a two-level enhancement, pursuant to section 2D1.1(b)(1), for possession of a firearm in connection with the offense; and (3) a two-level enhancement, pursuant to section 2D1.1(b)(2), for the use of violence during the offense. (Supp. Motion, ECF No. 159 at 4-7; Attachment to Supp. Motion, ECF No. 159-1 at 3-6; Sentencing Tr., ECF No. 133 at 32-33.)  In addition, in his supplemental section 2255 motion, Petitioner asserts trial counsel failed to communicate with Petitioner regarding a plea offer or, as

---

[1] In addition to the aliases noted in the docket record, Petitioner has spelled his name as "Raside Campbell" (ECF Nos. 139, 159), and trial counsel spelled his name as "Rashidi Campbell".  (ECF No. 82.)

Petitioner alleges in his reply memorandum, failed to communicate with Petitioner regarding sentencing negotiations.  (Supp. Motion at 8; Attachment to Supp. Motion at 8; Reply, ECF No. 168 at 5-7.)

The Government requests summary dismissal on the merits on the sentencing enhancement claims, and argues that Petitioner's claims based on the lack of communication regarding a pretrial offer and sentencing negotiations are both untimely and meritless.  (Response, ECF No. 165 at 1-2.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial on November 30, 2011, and December 1, 2011, Petitioner was convicted of the distribution of a substance that contained cocaine base, in violation of 21 U.S.C. § 841(a)(1), and subject to the penalty provisions of 21 U.S.C. § 841(b)(1)(C).  (Judgment, ECF No. 125 at 1; Jury Verdict, ECF No. 67; Superseding Indictment, ECF No. 27.)

In March 2012, i.e., after trial but before sentencing, trial counsel filed two successive motions to withdraw.  (Motions to Withdraw, ECF Nos. 78, 85.)  The Court held a hearing and denied the first motion on March 16, 2012.  (Minute Entry, ECF No. 80; Oral Order, ECF No. 81.) On March 27, 2012, trial counsel filed a second motion to withdraw, noting that Petitioner had retained alternate counsel; the Court granted the motion.  (Notice of Appearance, ECF No. 83; Motion to Withdraw, ECF No. 85; Order, ECF No. 86.)

At sentencing on August 28, 2012, the Court found the facts as set forth in the revised presentence investigation report.  (Sentencing Tr. at 32.)  The Court made the following guidelines calculations:  The base offense level was 32, based on a drug quantity of 280 grams of cocaine

base. (*Id.*) The Court added two levels for Petitioner's use of violence against an associate during the offense, and it added another two levels for possession of a firearm in connection with the offense. (*Id.*) The Court added three levels for Petitioner's role as a manager or supervisor. (*Id.* at 32-33.) Finally, the Court added two levels, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice. (*Id.* at 33.) Petitioner's total offense level was 41, and his criminal history was Category I; the calculations yielded a guidelines range of 324 to 405 months. (*Id.*)

The Court considered the sentencing factors, pursuant to 18 U.S.C. § 3553(a), and focused particularly on the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, and the need for general and specific deterrence. (*Id.* at 34.) The Court found that the size of the conspiracy, the use and possession of firearms, the use of violence, and the substantial amount of drugs, contributed to the danger caused by the offense. (*Id.* at 34-35.) The Court sentenced Petitioner to a prison term of 240 months, which is the maximum permitted under 21 U.S.C. § 841(b)(1)(C), and it imposed a term of three years of supervised release. (Judgment at 2-3.) *United States v. Doe*, 741 F.3d 217 (1st Cir. 2013).

The First Circuit upheld the conviction and sentence on appeal. *Doe*, 741 F.3d at 221. The Court held there was sufficient evidence to support the sentencing enhancements for the use of violence, for the possession of a firearm, and for Petitioner's involvement as a manager or supervisor. *Id.* at 235-38. The Court concluded,

> there is no doubt the trial judge found the government's witnesses credible and accepted their testimony in large measure. The record reveals their testimony was generally consistent not just with the other witnesses, but also with the [presentence investigation report]. Rigorous cross-examination exposed any infirmities or bias on the part of the witnesses. As we do not have the benefit of observing the witnesses and evaluating their demeanor, we are loath to disturb the district court's credibility determinations, which we certainly consider "plausible." Therefore, we uphold the district court's imposition of enhancements for use of violence, possession of a firearm, and for being a manager/supervisor in a drug conspiracy,

3

> based as they were on credible witness testimony and reliable information in the [presentence investigation report].

*Id.* at 238.   On October 6, 2014, the Supreme Court denied Petitioner's petition for a writ of certiorari.  *Doe v. United States*, 135 S. Ct. 168 (2014).

Petitioner asserts he signed his section 2255 motion and placed it in the prison mailing system on September 28, 2015; the motion was filed on October 5, 2015.  (Motion at 1, 7.)  The Government does not dispute that Petitioner's motion was filed timely.[2]  (Response at 1-2.)  Although the page asserting Ground One on the standard-form motion was missing from Petitioner's initial section 2255 filing, the additional pages filed with the motion make clear that Petitioner alleged ineffective assistance for the failure to argue against three sentencing enhancements for Petitioner's role in the offense, for possession of a gun, and for use of violence.  (Motion at 11-13.)  The Court granted Petitioner the opportunity to file a supplemental section 2255 motion because it appeared that pages had been omitted inadvertently from the standard form section 2255 motion; the order permitted Petitioner "to supplement his motion to include the omitted pages."  (Order, ECF No. 156 at 1.)

Petitioner's supplemental motion, which he alleges he placed in the prison mailing system on March 7, 2016, and which was filed on March 14, 2016, and an attachment to the supplemental motion, reiterated the three grounds asserted in the original motion.  (Supp. Motion at 1, 4-7, 13; Attachment to Supp. Motion at 3-6.)  Petitioner also added to his supplemental motion a fourth ground, in which he alleges that counsel failed to communicate a pretrial offer from the Government and the substance of sentencing negotiations counsel conducted with the Government.  (Supp. Motion at 8; Attachment to Supp. Motion at 8; Reply at 5-7.)

---

[2] *See* 28 U.S.C. 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final.")

## II.   DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

A section 2255 petitioner must establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) ("[i]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (quotation marks omitted).

"[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff v. United States*, 308 F.3d 124, 127-28 (1st Cir. 2002). Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013)

(citing *Brewer v. Marshall*, 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default, but only if the petitioner demonstrates both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the petitioner's defense. *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *Owens v. United States*, 483 F.3d 48, 63 (1st Cir. 2007). A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)). In determining whether an evidentiary hearing is required, the court must "take as true the sworn allegations of fact set forth in the petition 'unless those allegations are merely conclusory, contradicted by the record, or inherently incredible.'" *Owens*, 483 F.3d at 57 (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002)); *DeCologero v. United States*, 802 F.3d 155, 167 (1st Cir. 2015). Summary

dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'"  *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).  The Court can reasonably require a petitioner to supply the Court with salient details of the claim prior to permitting discovery or a hearing.  *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

### B.  Claims and Analysis

#### 1.  Ineffective assistance claims regarding the sentencing enhancements

The First Circuit's determination that the evidence was sufficient to support the three sentencing enhancements forecloses review of the claim in a section 2255 motion.  *See Singleton*, 26 F.3d at 240.  In addition, because the underlying claim fails, the related ineffective assistance claim also fails.  *See Tse*, 290 F.3d at 465.

Even if Petitioner's claims were not foreclosed, dismissal is appropriate because Petitioner's claims lack merit.  Contrary to Petitioner's assertions, both trial counsel and sentencing counsel argued against the sentencing enhancements Petitioner challenges in his section 2255 motion.  (Supp. Motion at 4-7; Sentencing Memorandum, ECF No. 82 at 1-4; Sentencing Memorandum, ECF No. 119 at 3-5; Response to Government's Sentencing Memorandum, ECF No. 123 at 2-3; Sentencing Tr., ECF No. 133 at 5-6.)

Counsel's arguments at sentencing were based on the same or similar allegations Petitioner includes in the additional pages attached to his initial section 2255 motion.  For example, Petitioner alleges in his section 2255 motion that there was no evidence that Petitioner controlled others in the drug operation; both trial and sentencing counsel made this point at sentencing.  (Motion at 12; Sentencing Memorandum, ECF No. 82 at 4; Sentencing Memorandum, ECF No. 119 at 5.)

Petitioner asserts in his section 2255 motion that one witness testified that she did not see Petitioner with a gun, but, rather, another person told her that Petitioner had a gun; counsel argued that the testimony of the witnesses regarding the use of firearms and the use of violence was not credible. (Motion at 13; Sentencing Memorandum, ECF No. 82 at 3 ("Defendant denies that he was ever involved in violence relating to the circumstances of this case."); Sentencing Memorandum, ECF No. 119 at 3 ("There does not appear to be any testimony that Defendant did in fact use violence on his associates . . . ."); Response to Government's Sentencing Memorandum at 2 ("Defendant avers that he did not use violence nor did he use a firearm in any manner during the time period described by the witnesses.").)   In sum, even if the First Circuit's decision did not foreclose Petitioner's claim, Petitioner is not entitled to relief because the record contradicts his allegation that counsel failed to challenge the sentencing enhancements. *See Owens*, 483 F.3d at 57; *Moreno-Morales*, 334 F.3d at 145.

### 2. Ineffective assistance claim based on the failure to communicate a Government offer

Petitioner did not raise on appeal any issue regarding plea negotiations or sentencing negotiations; therefore, any such claim is procedurally defaulted to the extent Petitioner asserts the claim independent of a claim of ineffective assistance of counsel. *See Berthoff*, 308 F.3d at 127-28.

Petitioner's initial section 2255 motion did not include a claim of ineffective assistance of counsel based on the failure to communicate a Government plea offer or the substance of sentencing negotiations.   In the supplemental motion, Petitioner asserts a claim of ineffective assistance against trial counsel based on the failure to communicate a plea offer.  (Supp. Motion at 8; Attachment to Supp. Motion at 8.)  A review of Petitioner's reply reveals that his claim

actually concerns an alleged failure to communicate a sentencing offer, rather than an alleged failure to communicate a plea offer. (Reply at 7.)

A letter from counsel to Petitioner, attached to Petitioner's supplemental motion, also confirms that Petitioner's claim focuses on the sentencing discussions. (Attachment to Supp. Motion at 8; Letter, ECF No. 159-2.) Counsel's letter appears to be dated March 23, 2012, and it appears to memorialize a conversation counsel had with Petitioner regarding sentencing.[3] (Attachment to Supp. Motion at 8; Letter, ECF No. 159-2.) The letter states in pertinent part:

> This letter is to confirm our conversation yesterday at the jail where you informed me that you were unwilling to accept the arrangement negotiated by myself and the government wherein you would be sentenced at a level 32, meaning 121-151 months incarceration, with the ability to request that the Court sentence you below the guidelines.
>
> . . .
>
> As you know, I have been highly recommending the negotiated settlement. A level 32 would mean we would have won most of the points in contention without introduction of much of the negative evidence the Government would otherwise introduce. It allows for the focus to be, as much as possible, on the positive aspects of your life and character. Nevertheless, you have rejected this advice and wish to contest all issues. This is what we will be preparing for, unless I hear otherwise from you. The Government will be releasing additional witness statements on Tuesday, and after that the deal is off the table, according to the Government.

(Letter at 1-2.)

**a. Timeliness of the new claim**

The Government argues that Petitioner's claim was not timely filed. (Response at 31-32.) Petitioner does not contest the Government's assertion. (Reply at 6.) Rather, he maintains that the order (ECF No. 156) that permitted him to include the pages omitted from his initial section 2255 motion also provided him the opportunity to add the new claim. (Reply at 6.)

[3] The date on the letter is not clearly legible, but it appears to be March 23, 2012; because no decision in the case turns on whether the date is March 23, 2012, or possibly March 28, 2012, for the sake of simplicity, the letter is referred to here by the March 23 date. (Response, ECF No. 165 at 33 n.14; Letter, ECF No. 159-2.)

The Court's order permitted Petitioner to supplement his motion solely to include the pages that had been omitted from his initial section 2255 motion.  (Order at 1.)  The order did not alter the limitation period, which is provided by statute.  *See* 28 U.S.C. § 2255(f).  Section 2255(f) provides in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final."[4]  The judgment became final on October 6, 2015, which was one year after the October 6, 2014, date on which Supreme Court denied certiorari.  *See Turner*, 699 F.3d at 582 (noting that a decision is final, pursuant to section 2255(f)(1), when the Supreme Court denies certiorari) (citation omitted).  *Doe*, 135 S. Ct. 168.  Because Petitioner placed his new claim in the prison mailing system after the one-year limitation period had expired, the new claim is untimely under section 2255(f)(1).

An otherwise untimely amendment to a section 2255 motion is permitted if it "relates back" to the original pleading.  *See Turner*, 699 F.3d at 585.  Under Fed. R. Civ. P. 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out−or attempted to be set out−in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  The First Circuit has held:

> The relation back provision in habeas petitions is strictly construed.  Thus, "amended habeas corpus claims generally must arise from the 'same core facts,' and not depend upon events which are separate both in time and type from the events upon which the original claims depended."  The standard cannot be satisfied "merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney malfeasance."

---

[4] None of the other subsections of 28 U.S.C. § 2255(f) applies here.  Furthermore, nothing in the petition or the record indicates any basis for equitable tolling.  *See Ramos-Martínez v. United States*, 638 F.3d 315, 318 (1st Cir. 2011) (recognizing that "the limitations period for the filing of a federal prisoner's habeas petition under 28 U.S.C. § 2255(f) [is] subject to equitable tolling").

*Turner*, 699 F.3d at 585 (quoting *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005) (quoting *Mayle v. Felix*, 545 U.S. 644, 657 (2005))).  Whether a new claim relates back is a matter of within the district court's discretion, as the decision is reviewed for an abuse of discretion.  *See id.*

Because the new claim arises out of counsel's alleged failure to communicate to Petitioner counsel's sentencing negotiations with the Government, Petitioner's new claim does not relate back to his initial section 2255 motion.  In his initial motion, Petitioner asserted claims based on counsel's alleged failure to argue against certain sentencing enhancements.  The enhancement-based claims are fundamentally different than the claim regarding the sentencing negotiations.  The enhancement-based claims involve counsel's performance during the presentation of the substantive sentencing argument to the Court; the alleged lack of communication involves counsel's communications with Petitioner about discussions that preceded the sentencing argument. Petitioner's new claim thus does not relate back to his initial section 2255 motion, and fails because Petitioner did not timely file the claim.

### b.  Merits of the new claim[5]

Petitioner apparently alleges that the attorney-client communication described in counsel's March 23, 2012, letter did not occur. (Reply at 7.)  Petitioner also asserts he did not receive the letter from counsel until after Petitioner asked counsel for the file in his case.  (*Id.*)  Petitioner contends that his allegations generate a factual dispute that must be resolved through an evidentiary hearing.  (*Id.*)  Even if the Court were to determine that Petitioner's claim relates back to the initial 2255 motion, Petitioner's claim fails on the merits.

---

[5] As discussed above, although it appears from Petitioner's supplemental motion that Petitioner alleges counsel failed to communicate a plea offer, it appears from Petitioner's reply, and the letter attached in support of the reply, that Petitioner alleges counsel failed to communicate sentencing negotiations.  (Supp. Motion at 8; Letter, ECF No. 159-2 at 1-2.)  To the extent Petitioner's claim alleges a failure to communicate plea negotiations, Petitioner submits no evidence, as the sentencing negotiations on which the claim is based took place after trial, not during the plea stage. There is, therefore, no factual basis for an alleged failure to communicate at the plea stage.

In *Lafler v. Cooper,* 132 S. Ct. 1376 (2012), the Supreme Court recognized that "*Strickland* applies in the sentencing context, as 'there exists a right to counsel during sentencing.'" *Vargas-De Jesús v. United States*, 813 F.3d 414, 417 (1st Cir. 2016) (quoting *Lafler*, 132 S. Ct. at 1385-86). Petitioner's allegations are accepted as true except to the extent they are conclusory, contradicted by the record, or inherently incredible. *See DeCologero*, 802 F.3d at 167; *Owens*, 483 F.3d at 57.

In Petitioner's case, the record, particularly trial counsel's first motion to withdraw, filed on March 15, 2012, contradicts Petitioner's unsubstantiated allegation that counsel failed to communicate with him regarding the sentencing negotiations. (Motion to Withdraw, ECF No. 78.) In the first motion to withdraw, counsel represented to the Court his assessment of the sentencing risk to Petitioner:

> Absent a ruling excluding relevant conduct enhancements, or a complete failure by the Government to present convincing evidence, even half of the recommended enhancements and Government objections would produce a guideline range in excess of the 20 year statutory maximum sentence, while application of the majority of these increases would yield a guideline range of 30 years to life.

(*Id.* at 1.) Counsel then explained to the Court the sentencing negotiations he discussed with Petitioner, and Petitioner's response to the discussion:

> Counsel for Defendant and the Government have negotiated a resolution of pending sentencing issues which would result in a Guideline Level of 32 and a Guideline Sentencing range of 121-151 months. Defendant would still be free to oppose the Obstruction of Justice enhancement as well as to argue for any sentence below the Guideline Range.
>
> Counsel has recommended this Agreement to Defendant. Defendant, as well as certain of his family members, are opposed to said Agreement. Although Defendant has been informed that he is free to contest all outstanding sentencing issues, Counsel's advocacy for the Agreement with the Government as being in Defendant's best interests has damaged the ability for Defendant and Counsel to work together. Defendant has today refused to meet with Counsel at the jail, and has passed along the message through a correctional officer that Counsel is not working for Defendant's best interests. This is subsequent to hostile communications, in person and by telephone, with family members of Defendant

who refuse to accept the principles underlying Federal Sentencing, i.e., that other factors beyond the plain facts of the convicted charge are relevant at Sentencing, and sometimes, as here, largely determinative.

(*Id.* at 1-2.)  Following a hearing, the Court denied counsel's first motion to withdraw.  (Minute Entry, ECF No. 80; Oral Order, ECF No. 81.)

Counsel's representation in the first motion to withdraw that he "has recommended this Agreement to Defendant" corroborates that counsel communicated the sentencing negotiations to Petitioner.  (Motion to Withdraw, ECF No. 78 at 2; Letter, ECF No. 159-2.)  Given the date of the motion to withdraw (March 15) and the date of the attorney-client conversation referenced in the March 23 letter (the previous day), the record suggests counsel discussed the negotiations with Petitioner on more than one occasion.  Both communications occurred before sentencing on August 28.  Counsel's representations in the motion to withdraw not only are credible given the context in which they were raised and counsel's obligation not to present baseless motions to the Court, but the representations also informed Petitioner of the substance of the negotiations prior to sentencing.  In other words, at a minimum, Petitioner was made aware of the negotiations when the motion was filed, and likely during the hearing on the motion to withdraw.[6]  Indeed, the fact that Petitioner retained new counsel soon after the hearing on the motion to withdraw suggests, as his counsel represented to the Court in the motion to withdraw, that the attorney-client relationship deteriorated as the result of counsel's advocacy for the negotiated agreement.

In short, Petitioner's contention that counsel did not communicate to him the substance of the sentencing negotiations is plainly contradicted by the record.  Petitioner, therefore, could not prevail on the claim even if the Court determined Petitioner timely filed the claim.

---

[6] Although the substance of the hearing is not currently available, insofar as the docket entry for the hearing concludes with the sentence, "[t]he defendant is remanded to the custody of the U.S. Marshal" demonstrates Petitioner was present during the hearing.

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.   I recommend the Court deny relief and dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255.   I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of November, 2016.