UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:11-cr-00136-GZS |
| JOHN DOE, | ) |
| | ) |
| Defendant. | ) |

ORDER ON MOTION FOR A REDUCTION IN SENTENCE

Before the Court is a pro se motion by Defendant John Doe titled, "Motion for Reconsideration for Compassionate Release/Reduction in Sentence (RIS) in Light of New Evidence" (ECF No. 199). For reasons explained herein, the Court DENIES the Motion.

I.  **LEGAL STANDARD**

18 U.S.C. § 3582(c)(1)(A) "authorizes a court to reduce a term of imprisonment when 'extraordinary and compelling reasons warrant such a reduction'" and the prisoner seeking the reduction has exhausted his administrative remedies. United States v. Ruvalcaba, 26 F.4th 14, 18 (1st Cir. 2022). To grant a motion under section 3582(c)(1)(A), "the district court must find both that the defendant has presented an 'extraordinary and compelling' reason warranting a sentence reduction and that 'such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" Id. at 18-19 (citations omitted). With respect to a prisoner-initiated motion under section 3582(c)(1)(A), however, there is no applicable policy

statement that is binding on the Court's review of such motion. See id. at 23.[1] As such, when reviewing a prisoner-initiated motion for compassionate release, "district courts enjoy broad discretion[] and may conduct a holistic review to determine whether the individualized circumstances, taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release." United States v. Trenkler, 47 F.4th 42, 47 (1st Cir. 2022); see Ruvalcaba, 26 F.4th at 18-19 ("[A] district court, reviewing a prisoner-initiated motion for compassionate release . . . , may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief.").

If a court determines that the defendant's motion has presented extraordinary and compelling reasons to warrant a sentencing reduction, it must then consider any applicable factors under 18 U.S.C. § 3553(a) "and 'determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" Ruvalcaba, 26 F.4th at 19 (quoting United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021)); see, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions were extraordinary and compelling in light of the coronavirus pandemic).

I.  **DISCUSSION**

Defendant John Doe, 42 years old, has served approximately 56 percent of his 240-month sentence. (ECF No. 201-2, PageID # 1144.) He is currently serving his sentence at FCI Allenwood Low with a projected release date of December 9, 2028. (ECF No. 201-3, PageID # 1146.) The Bureau of Prisons ("BOP") most recently categorized him as a Physical Care Level 2 and Mental

---

[1] U.S.S.G. § 1B1.13, the Sentencing Commission's policy statement applicable to a compassionate-release motion brought by the BOP, "nonetheless may serve as a non-binding reference" for a court's review of a compassionate-release motion brought by a prisoner. See Ruvalcaba, 26 F.4th at 23.

Health Care Level 2. (Id.) While incarcerated in June 2018, Doe had emergency back surgery; following that surgery, he has had issues with mobility, pain, and incontinence. (See generally ECF No. 201-4.) He previously filed motions seeking compassionate release with the Court in July 2020 (ECF No. 186) and August 2020 (ECF No. 188). In its November 12, 2020 ruling denying Doe compassionate release, the Court noted that Defendant was slated for transfer to a BOP medical facility for further treatment. (ECF No. 198, PageID # 1110.) He was thereafter admitted to FMC Devens on February 11, 2021. (ECF No. 201-4, PageID # 1220.) After undergoing evaluation and treatment at FMC Devens, he was discharged and thereafter transferred to his current BOP facility in May 2022. (ECF No. 201-4, PageID #s 1220-22; ECF No. 201-6, PageID # 1233.) He filed his pending Motion in August 2022.

    The Court concludes that Defendant's current Motion must be denied because he has failed to establish that he has exhausted his administrative remedies for compassionate release prior to filing the pending Motion. (See ECF No. 201-1, PageID # 1143.) Section 3582(c)(1)(A)'s administrative exhaustion requirement is "a non-jurisdictional claim-processing rule." United States v. Texeira-Nieves, 23 F.4th 48, 53 (1st Cir. 2022). As such, exhaustion is mandatory unless waived or conceded by the Government. See United States v. Hassan, No. 2:16-cr-00084-JDL, 2020 WL 6163125, at *2 (D. Me. Oct. 21, 2020). Here, the Government has raised an exhaustion objection to Defendant's Motion. (See ECF No. 201, PageID #s 1134-36.) Thus, the Court concludes that the pending request for compassionate release is subject to dismissal without prejudice based on Defendant's failure to exhaust.

    To the extent that Defendant attempts to sidestep the exhaustion requirement by framing his current Motion as a request for reconsideration, the Court does not agree that this framing is appropriate on the current record. Rather, the Court agrees with the Government that this request

3

for reconsideration is untimely.  (See id., PageID #s 1136-37.)  Simply put, a motion filed nearly two years after the filing of a decision that implicitly seeks to have the Court consider intervening factual developments is not properly considered as a timely request for reconsideration.

Rather, as the Court noted in its earlier ruling, Defendant is free to file "a *renewed* motion based on further medical developments and future treatment needs."  (ECF No. 198, PageID # 1111 (emphasis added).)  However, before the Court can consider the merits of any renewed motion filed by Defendant, he must establish that he has presented the current basis for his requested sentence reduction to BOP and that BOP has denied his request or failed to respond to his request within 30 days of receipt.  See 18 U.S.C. § 3582(c)(1)(A).  In light of Defendant's failure to comply with this exhaustion requirement and the Government's failure-to-exhaust objection, the Court DENIES Defendant's Motion (ECF No. 199) without any consideration of the merits.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 21st day of November, 2022.