UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-cr-00136-LEW |
| | ) | |
| JOHN DOE aka THEOTIS LEONARD | ) | |
| aka RASHIDE CAMPBELL aka | ) | |
| TONY, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE

On October 16, 2012, Judge George Singal sentenced Defendant to a 240-month term of imprisonment following his conviction on the charge of distribution of cocaine base, the maximum statutory term. The matter is now before the Court on Defendant's most recent pro se Motion for Compassionate Release (ECF No. 206).

### STANDARD

A district judge does not have freewheeling authority to "vacate, alter, or revise a sentence previously imposed," and is empowered to do so only in certain "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). By law, "[t]he court may not modify a term of imprisonment once it has been imposed except [for certain prescribed reasons]." 18 U.S.C. § 3582(c). For present purposes, I am authorized to reduce Defendant's sentence only on a showing that three requirements are met. First, there must be "extraordinary and compelling reasons" that warrant a sentence reduction. *United States v. D'Angelo*, 110 F.4th 42, 48 (1st Cir. 2024) (citing 18 U.S.C. § 3582(c)(1)(A)). Second, the decision should adhere to applicable policy

statements issued by the Sentencing Commission. *Id.* Third, it must also be demonstrated that the applicable sentencing factors of 18 U.S.C. § 3553(a) support the reduction. *Id.* Failure to meet any one of these requirements compels the denial of the request. *Id.* In terms of demonstrating extraordinary and compelling circumstances, the Court will consider the reasons given by the defendant in a holistic fashion. *Id.* But the extraordinary and compelling standard is both narrow and stringent. *Id.*

Additionally, for Defendant to access this standard, he must begin the process by petitioning the warden of his facility for early release. *Id.* § 3582(c)(1)(A); *United States v. Ruvalcaba*, 26 F.4th 14, 18 (1st Cir. 2022).

Defendant has indicated that he would like representation from an attorney.

## DISCUSSION

Mr. Doe argues that his history of serious cervical degeneration, which includes a diagnosis of cauda equina syndrome, the limitations his cervical conditions impose on his ability to stand and walk and clean his cell post-surgery, the pain and discomfort associated with the conditions, the circumstances pertaining to the receipt of necessary medical care in BOP custody, his completion of over 13 years of his 20-year sentence, the severity of his sentence despite his level I criminal history, the application of an unduly harsh crack-cocaine sentencing disparity, his low-risk assessment, the unlikeliness of recidivism in his case given his disability, and the existence of a family support system are extraordinary and compelling reasons why he should be relieved of the burden of serving the remainder of his sentence, which is projected to terminate in October 2028.

The Government opposes Mr. Doe's Motion. It disputes whether Mr. Doe has exhausted administrative remedies or demonstrated extraordinary and compelling reasons for early release. The Government also highlights the seriousness of the drug trafficking offense, which was of significant scope and involved substantial quantities of drugs, the use of violence, the use of firearms, and a managerial enhancement.

On the issue of appointment of counsel, Defendant is not entitled to counsel in this matter. "There is no right to counsel in postconviction proceedings," *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019), including a motion for a reduced sentence, *see United States v. Gutierrez*, No. CR 06-40043-FDS-2, 2020 WL 1667710, at *2 (D. Mass. Apr. 3, 2020). Instead, "the appointment of counsel [on a post-conviction motion] must rest in the discretion of the court." *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir. 1965). When determining whether an indigent defendant is entitled to counsel on a post-conviction motion, courts often look to the three-part test for whether to provide court-appointed counsel in the analogous habeas corpus context. *See, e.g.*, *United States v. Pinkham*, No. 2:15-CR-00128-JDL, 2020 WL 7753968, at *2 (D. Me. Dec. 29, 2020) (citing *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993)). This test asks whether the defendant has "a fair likelihood of success on" his claim, whether the issues raised are "factually complex and legally intricate," and whether "the facts are largely undeveloped." *Mala*, 7 F.3d at 1063–64.

Defendant's motion rests on the severity of an impairment and the limitations it imposes on his ability to perform self-care in the correction setting. That issue appears to be adequately developed without the assistance of counsel and the Court has the relevant

3

information at hand.  Whether Defendant ultimately is entitled to a reduced sentence turns not on arcane legal tests, but on the straightforward determination of whether the hardship that Defendant faces is extraordinary and compelling, and whether early release is in keeping with the sentencing factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (articulating standard for compassionate release).  Given the issues presented and the record associated with them, I am not persuaded that this is a difficult case that calls for the assistance of counsel.

As for this issue of exhaustion of administrative remedies, I find that Mr. Doe has satisfied this requirement.  The record reveals that the warden of FDC Sea-Tac denied Mr. Doe's request for relief in a response dated October 29, 2024.  Mr. Doe made the underlying request on October 9, 2024.  See ECF No. 207-3. Although the request and denial predate Mr. Doe's current Motion for Compassionate Release by more than a year, they post-date all of Mr. Doe's prior motions as well as his most recent surgery and they also present the same request that is now under consideration.  That is an adequate showing to obtain an evaluation of the merits of a Motion for Compassionate Release.

As for the merits, I have considered the briefs and the associated exhibits, including the transcript of the sentencing hearing, the medical records, and the risk-assessment and disciplinary records.  After a thorough review of the record, my conclusion is that Mr. Doe has not presented extraordinary and compelling reasons for the discontinuation or abbreviation of his sentence.  Doe's cauda equina syndrome, while undoubtedly significant both in terms of pain and functional limitations, does not satisfy the Sentencing Commission's policy statement, which anticipates that applicants for compassionate release have substantially diminished capacity for self-care in the prison environment or

else have an untreated condition likely to lead to serious health deterioration or death. [1] U.S.S.G. § 1B1.13(b)(1), (2).  Doe's capacity for self-care, as he describes it, involves difficulty cleaning his cell rather than his person and his condition is unlikely to deteriorate seriously prior to his release given that he is receiving regular care and is scheduled for another surgical procedure to improve the symptoms of his syndrome.  Furthermore, I am not persuaded that the remaining reasons itemized by Mr. Doe, viewed holistically alongside his cauda equina syndrome, are sufficient to demonstrate extraordinary and compelling circumstances or that a hearing would change this assessment.  Although that is sufficient to deny the Motion, I also note that, given the extent and nature of the drug trafficking operation for which Mr. Doe stands convicted and the Court's calculation of an offense level of 41 in light of all the applicable enhancements, I am not persuaded that Mr. Doe's sentence was excessive even by current guidelines standards such that early release would comport with the seriousness of the offense, promotion of respect for the law, and avoidance of sentencing disparities for section 3553 purposes.

## CONCLUSION

The Court wishes Mr. Doe every success upon his release in regard to his health, familial bonds, and plans to go into business with his son, but I am constrained by law to deny his Motion for Compassionate Release because the circumstances presented are not "extraordinary and compelling" and early release would not be consistent with the

---

[1] Assuming that I have discretion to deviate from the Commission's characterization of extraordinary and compelling medical conditions, I decline to do so because I consider the Commission's policy statement to afford an appropriate standard for the evaluation of such matters.

applicable sentencing factors.  Defendant's Motion for Compassionate Release (ECF No. 206) is DENIED.

SO ORDERED.

Dated this 14th day of July, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge